Matthew G. Kleiner  (SBN: 024275)
**GORDON & REES LLP**
111 W. Monroe Street, Ste. 1600
Phoenix, AZ 85003
Tel: (602) 794-2460
Fax: (602) 265-4716
mkleiner@gordonrees.com

Attorneys for  Defendant
MERCURY CASUALTY COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK LINDEN and TRINA LINDEN, as husband and wife, | CASE NO. |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL** |
| MERCURY CASUALTY COMPANY, a California corporation, | |
| Defendant. | |

Defendant Mercury Casualty Company ("Mercury" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, Defendant respectfully alleges the following:

**I.   Commencement and Service**

1.      On or about May 22, 2017, Plaintiffs Frank Linden and Trina Linden ("Plaintiffs") filed suit against Mercury in the Superior Court of the State of Arizona, in and for the County of Maricopa.  (Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint ("Complaint").)

2.      The Complaint was not served on Mercury, but on the Director for the Arizona Department of Insurance.  (See Exhibit "A", Complaint.)

1    3.    The Complaint was received by Mercury on May 30, 2017.

2    4.    The Notice of Removal is timely filed within 30 days of receipt of the

3    complaint.  *See* 28 U.S.C. § 1446(b); *Nucor Corp. v. Emplrs. Ins. Co.*, 2012 U.S. Dist.

4    LEXIS 110230, 2012 WL 3242279 (D. Ariz. 2012) (holding that the 30-day period

5    during which a foreign insurer may remove an action to federal court begins at the time

6    the insurer receives the service of process from the Director and not at the time the

7    Director is served).

8    **II.    Grounds for Removal – Diversity Jurisdiction**

9    5.    Defendant is entitled to remove the state court action to this Court pursuant

10   to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an

11   amount in controversy exceeding $75,000, between parties with complete diversity of

12   citizenship.  *See* 28 U.S.C. § 1332(a) (district courts have original jurisdiction where the

13   matter in controversy: (1) exceeds the sum of $75,000, exclusive of costs and interest;

14   and (2) is between citizens of different states).

15   **III.    Diversity of Citizenship**

16   6.    This is an action between parties with complete diversity of citizenship.

17   7.    Diversity of citizenship exists where the matter in controversy is between

18   citizens of different states.  *See* 28 U.S.C. §1332(a).  A corporation for purposes of 28

19   U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in

20   which it has its principal place of business.  28 U.S.C. §1332(c).

21   8.    Plaintiffs are residents of Maricopa County, Arizona.  (See Exhibit "A",

22   Complaint, ¶ 1.)

23   9.    Mercury is a California corporation with a principal place of business in

24   Los Angeles, California (see Exhibit "A", Complaint, ¶ 26) from which Mercury's

25   officers direct, control and coordinate Mercury's activities.

26   / / /

27   / / /

28   / / /

10.     Mercury is authorized to transact business within the State of Arizona and this judicial district.

11.     The defendants designated in the Summons and Complaint as "John and Jane Roes 1-10", and "Black and White Corporations 1-10" are fictitious defendants and are to be disregarded for the purposes of removal.  *See* 28 U.S.C. § 1441(b)(1).

12.     No change in the citizenship of the Defendant has occurred since the commencement of the state court action.  As Plaintiffs and Defendant are from different states, complete diversity of citizenship exists and the first prong of 28 U.S.C. § 1332(a) is satisfied.

**IV.     Amount in Controversy**

13.     In the Complaint, Plaintiffs allege that they sustained approximately $29,703.37 in property damage for which Mercury failed to make payment.  Plaintiffs assert causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing ("Bad Faith").  In addition to compensatory damages, Plaintiffs seek attorney's fees which Defendant estimates will exceed $45,296.63 and punitive damages.  Therefore, a reasonable interpretation of the Complaint demonstrates that the amount in controversy under the Complaint exceeds the diversity jurisdictional minimum of $75,000.

**A.     <u>Applicable Law.</u>**

14.     Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  The amount in controversy may also include any attorney's fees as authorized by law and punitive damages.  *Id.*; *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D. Ariz. 2003).

/ / /

/ / /

/ / /

-3-

15.     Where, as in this case, the Complaint does not specifically plead an amount in controversy greater than $75,000, defendant has the burden of proving that the amount in controversy exceeds the sum of $75,000 by a preponderance of the evidence. *Guglielmino,* 506 F.3d at 700; *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979-80 (9th Cir. 2005).

### B.     Factors Demonstrating Amount in Controversy Exceeding $75,000.

16.     Pursuant to the Arizona Rules of Civil Procedure, Plaintiffs are required to certify that the instant matter is not subject to compulsory arbitration. Plaintiffs filed such a Certificate of Compulsory Arbitration (A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "B"; See Exhibit "B").

17.     Arizona Rules of Civil Procedure 72 through 76 mandate compulsory arbitration for each matter wherein the amount in controversy does not exceed the jurisdictional maximum set forth by the local rules of practice for the applicable superior court.  (Ariz. R. Civ. P. 72-76.)  Maricopa County Local Rule 3.10 provides that claims less than $50,000 are subject to compulsory arbitration.

18.     By certifying that this case is not subject to compulsory arbitration, Plaintiffs admit that the amount in controversy exceeds $50,000.  *Ansley*, 215 F.R.D. at 578.

19.     Additionally, in the Complaint, Plaintiffs allege that they sustained property damage of $29,703.37.  (See Exhibit "A", Complaint, ¶19.)

20.     Plaintiffs seek recovery of damages based upon, among other things, causes of action for breach of contract and Bad Faith.  (See Exhibit "A", Complaint, Counts 1 and 2.)

21.     In their cause of action for breach of contract and Bad Faith, Plaintiffs seek recovery of attorney's fees and punitive damages.  (See Exhibit 'A", Complaint, ¶30-49; Prayer.)

/ / /

/ / /

22.     A cause of action for breach of contract and/or Bad Faith entitles the prevailing party to an award of attorney's fees.  *See* A.R.S. 12-341.01 ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees.")

23.     A district court may consider similar state cases in determining the amount in controversy.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006).

24.     Arizona courts have awarded attorney's fees in excess of $45,000 to the prevailing party in breach of contract and bad faith actions.  *See Hollingsworth v. State Farm Mut. Auto. Ins. Co.,* Pima County Superior Court, Case No. C20105077 (Sept. 14, 2012) (plaintiff in breach of contract and bad faith action awarded attorney's fees of $89,000); *Southwest Farm Services, LP v. Burns*, Maricopa County Superior Court, Case No. CV2010-092562 (July 25, 2012) (plaintiff in breach of contract action awarded attorney's fees of $48,431.90); *Cohen, et al v. Greenwich Ins. Co., et al.*, Pima County Superior Court, Case No. C20092552 (February 28, 2012) (prevailing party in a breach of contract and bad faith action awarded attorney's fees of $406,324 and $79,391 respectively); *Hall v. Read Dev., Inc.* (April 12, 2012) 2012 Ariz. App. Unpub. LEXIS 455 (upholding attorney fee award for breach of contract in excess of $200,000 where only $30,000 in compensatory damages was awarded).

25.     Additionally, Arizona courts have awarded punitive damages in cases involving bad faith. In *Nardelli v. Metro. Group Prop. & Cas. Ins. Co.*, 230 Ariz. 592, 277 P.3d 789, 806 (App. 2012), the court upheld a 1:1 ratio of punitive damages to compensatory damages for an insurer's bad faith.  Plaintiffs' punitive damages more likely than not exceed $30,000 based on his breach of contract damages alone.

26.     Further, a review of similar cases demonstrates that a punitive damages award in this case would satisfy the amount in controversy.

/ / /

/ / /

/ / /

| NAME | DATE | NATURE OF CASE | ACTUAL (CONTRACT) DAMAGES | INSURANCE BAD FAITH DAMAGES | EXEMPLARY /PUNITIVE DAMAGES |
|------|------|----------------|---------------------------|------------------------------|------------------------------|
| *Chasan v. Farmers Ins. Exch.* | 2013 | Breach of contract and bad faith for failure to pay damages after burglary to home (2 plaintiffs) | $37,000 $19,650 | $10,000 $20,000 | $40,000 $80,000 |
| *Sherow v. American Family Mutual Ins. co.* | 2004 | Bad faith refusal to pay homeowners' fire damage claim | $5,200 | $56,300 | $213,600 |
| *Hillgren v. Ohio Casualty Ins.* | 1999 | Breach of contract and bad faith for failure to pay theft and damages to house | $19,930 | $50,000 | $200,000 |

27.     Based upon Plaintiffs' concession that damages exceed $50,000, Plaintiffs' demand of actual damages in the amount of approximately $30,000, the award of attorney's fees in similar cases exceeding $45,000 and the award of punitive damages in similar cases, the amount in controversy, by a preponderance of the evidence, exceeds the $75,000 jurisdictional minimum and the requirements for removal have been satisfied.

## V.     Venue

28.     Venue properly lies in the United States District Court for the District of Arizona because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441, 1446.

## VI.     Notice

29.     Defendant will give notice of the filing of this Notice of Removal to all parties of record.  Defendant will also file with the clerk of the state court and will serve upon Plaintiffs a notice of the filing of this Notice of Removal.  *See* LRCiv 3.6(A).

## VII.     State Court Pleadings

30.     Copies of all state court pleadings and orders are attached to this Notice of Removal.  Pursuant to Rule 3.6, Local Rules of Civil Procedure, Defendant attaches and incorporates by reference true and correct copies of all the pleadings and other documents that were previously filed with the state court, including the most recent copy of the State Court docket:

- Exhibit "A" – Summons and Complaint

- Exhibit "B" – Certificate of Compulsory Arbitration
- Exhibit "C" – State Court docket

**VIII.  Prayer**

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant files this Notice of Removal with the United States District Court for the District of Arizona, and hereby seeks to remove this action from the Superior Court of the State of Arizona, in and for the County of Maricopa.

Dated this 22nd day of June, 2017.

GORDON & REES LLP


By: */s/ Matthew G. Kleiner*
Matthew G. Kleiner
Attorneys for Defendant
MERCURY CASUALTY COMPANY

1132052/33434292v.1

EXHIBIT "A"

David A. Christoffel
. CHRISTOFFEL LAW GROUP, PLLC
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
Ph:    (281) 429-8402
Fax:   (281) 429-8403
Email:  ChristoffelLawGroup@Gmail.com
*Attorney for Plaintiffs*

STATE OF ARIZONA
DEPT. OF INSURANCE

MAY 2 4 2017

TIME 10:25am
SERVICE OF PROCESS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

FRANK LINDEN and TRINA LINDEN,
as husband and wife,

                    Plaintiff,

        vs.

. MERCURY CASUALTY COMPANY,
a California corporation;

                    Defendant.

Case No.: _____

CV2017-006210

**SUMMONS OF
MERCURY CASUALTY COMPANY**

If you would like legal advice from a lawyer
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

### THE STATE OF ARIZONA TO:

### MERCURY CASUALTY COMPANY

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  If served out of the state of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Direct service is complete when made. A.R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief

JEANIE SILVA

MAY 3 0 2017

CLAIMS

1  demanded in the Complaint.

2      **YOU ARE CAUTIONED** that in order to appear and defend, you must file an

3  Answer or proper response in writing with the Clerk of this Court, accompanied by the

4  necessary filing fee, within the time required, and you are required to serve a copy of any

5  Answer or response upon the Plaintiffs' attorney. A.R.C.P. 10(d); A.R.S. Section 12-311;

6  A.R.C.P. 5.

7      A copy of the pleading being served may be obtained from the Clerk of the Superior

8  Court, Maricopa Courthouse, 201 W. Jefferson, Phoenix, Arizona 85003.

9      **YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for

10 persons with disabilities must be made to the division assigned to the case by parties at least

11 three (3) judicial days in advance of a scheduled court proceeding.

12     The name and address of Plaintiffs' attorney is:

13 Christoffel Law Group, PLLC
14 Attn.: Mr. David A. Christoffel, Esq.
    1110 Nasa Parkway, Suite 450
15 Houston, Texas 77058
    Telephone:  (281) 429-8402
16 Facsimile:  (281) 429-8403

17 SIGNED AND SEALED THIS DATE: _____

18

19     CLERK: _____ MAY 2 2 2017

20     DEPUTY CLERK: _____  MICHAEL K. JEANES, CLERK
    F. AZADEH
    DEPUTY CLERK

21

22

23

24

25

26

27

28

CHRISTOFFEL LAW GROUP
P.L.L.C.
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-429-8402

David A. Christoffel
CHRISTOFFEL LAW GROUP, PLLC
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
Ph:    (281) 429-8402
Fax:   (281) 429-8403
Email:  ChristoffelLawGroup@Gmail.com
*Attorney for Plaintiffs*

Clerk of the Superior Court
By Farah Azadeh, Deputy
Date 05/22/2017 Time 13:20:23
Description                         Amount
---------- CASE# CV2017-006210 ----------
CIVIL NEW COMPLAINT                 319.00
------------------------------------------
TOTAL AMOUNT                        319.00
          Receipt# 25948359

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

CV2017-006210

| | |
|---|---|
| FRANK LINDEN and TRINA LINDEN, as husband and wife, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MERCURY CASUALTY COMPANY, a California corporation; | |
| Defendant. | |

Plaintiffs Frank Linden and Trina Linden ("Plaintiffs"), for their Complaint against Defendant Mercury Casualty Company ("Mercury") and allege as follow:

I.   **NATURE OF THE CASE.**

1.   Plaintiffs are individuals owning property located 526 North Swallow Lane, Gilbert, Arizona 85234, situated in Maricopa County (the "Property").

2.   Plaintiffs entered into a contract with Mercury Casualty Company ("Mercury"), whereby Mercury would provide property insurance for the Property in exchange for timely payment of premiums.

3.   This insurance policy provided coverage for damage to the Property resulting from, among other causes, accidental discharge of water, and was numbered AZHP0000003178 (the "Policy").

4.   Said Policy was in full force and effect from December 15, 2015 through December 15, 2016.

CHRISTOFFEL LAW GROUP
PLLC
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-429-8402

CHRISTOFFEL LAW GROUP
P.L.L.C.
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-450-8402

5.   While the Policy was in full force and effect, and on or about June 15, 2016, Plaintiffs discovered that their water heater had suddenly failed and caused property damage to Plaintiffs' Property.

6.   Specifically, the failure of Plaintiffs' water heater caused damage to, and including, but not limited to, the garage, master bedroom, master bedroom closet, master bathroom, laundry room, hallway, and hallway closet.

7.   On or about June 16, 2016, Plaintiffs notified Mercury of the damage to same.

8.   Mercury acknowledged receipt of Plaintiffs' property loss claim and assigned it claim number AZHO-00000664.

9.   Mercury assigned the investigation of the claim to Mercury's claim representative, David Coolidge ("Coolidge").

10.  Plaintiffs provided Mercury, and its agents, with access to the Property for inspections and provided all information requested and necessary to pay the amount due and owing under the insurance Policy.

11.  On or about June 21, 2016, Coolidge sent his representative Thomas Cox ("Cox"), of Ryze Claims Solutions, to Plaintiffs' home for an inspection of the damaged property.

12.  Upon information and belief, on or about July 22, 2016, Coolidge tendered a partial initial payment of insurance benefits to Plaintiffs, in the amount of $2,678.85 (ACV) and promised an additional payment of at least $2,488.74 (recoverable depreciation) upon the completion of repairs.

13.  On or about July 25, 2016, Cox released his report which confirmed the interior water damage to the garage, laundry room, hallway closet, master bedroom, master bathroom, water closet, and master closet.  Upon information and belief, Cox altered his estimate based upon the request of Coolidge.

14.  Unfortunately, Coolidge conducted a substandard investigation and failed to offer sufficient insurance benefits to effectuate the repairs which are necessary as a result of the water heater failure.

15.  Additionally, Coolidge failed take into account the cost to replace Plaintiffs' tile flooring,

16. As a result of the undervaluation, Plaintiff was forced to retain the services of Aware Owner Public Adjusters to provide an independent property damage assessment of Plaintiff's Property.

17. Plaintiffs' disagreed with Defendant Mercury's assessment of their property damage and retained Aware Owner to provide an independent property damage assessment.

18. On or about July 31, 2016, John Bellerose ("Bellerose"), of Aware Owner, inspected Plaintiffs' Property and confirmed interior water damage to the garage, master bedroom closet, master bedroom, master bathroom, master vanity, laundry room, hallway closet, family room, game room, entry/foyer/hallway, kitchen and hallway bathroom.

19. Further, Bellerose opined that Plaintiffs' Property sustained $29,703.37 in damage as a result of the water heater failure.

20. A copy of the Aware Owner estimate was provided to Mercury with demand for payment on or about April 11, 2016, however, Mercury ignored this demand for payment.

21. Plaintiffs attempted to resolve the disagreement in scope and pricing with Mercury by invoking the appraisal process, as set forth in their insurance policy, but Mercury delayed and effectively denied the same.

22. Mercury has failed to pay Plaintiffs all of the benefits owed under the terms of the policy, even though the policy provided coverage for losses such as those suffered by Plaintiffs.

23. As a direct result of Defendant's actions, Plaintiffs have suffered pecuniary damages and emotional distress, among other damages.

## II.   THE PARTIES, JURISDICTION, AND VENUE.

24. Plaintiffs Frank Linden and Trina Linden are individuals residing in Maricopa County, Arizona.

25. Plaintiffs owned the real property located at 526 North Swallow Lane, Gilbert, Arizona 85234, which was situated in Maricopa County at the time the subject contract was entered.

26. Upon information and belief, Mercury is a foreign corporation doing business in the state of Arizona with its principal place of business in Los Angeles, California. Service of

CHRISTOFFEL LAW GROUP
P.L.L.C.
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-429-8402

1   process may be effected on this Defendant by personal service upon the Arizona Director

2   of Insurance, 2910 North 44th Street, 2nd Floor, Phoenix, Arizona 85018.

27.   This action concerns real property located in Maricopa County, Arizona, such that venue
      and jurisdiction are proper in Maricopa County.

28.   All or a substantial part of the events giving rise to the claims described herein occurred in
      Maricopa County, Arizona, such that venue and jurisdiction are proper in Maricopa
      County.

29.   This Court has personal jurisdiction because Defendant Mercury has a principal place of
      business in the state of Arizona and/or is regularly engaged in the business of insurance in
      the state of Arizona.   Moreover, the acts and omissions committed, as set forth below,
      occurred in Arizona.

## III.   CAUSES OF ACTION.

### COUNT 1

### Breach of Contract

30.   All allegations in the previous paragraphs are incorporated as if fully set forth herein.

31.   Plaintiffs and Mercury entered into a valid, enforceable contract whereby Mercury would
      provide property insurance in exchange for timely payment of premiums by Plaintiffs.

32.   Plaintiffs fulfilled their duties and complied with all conditions under the policy.

33.   Plaintiffs made a timely claim for benefits under the terms of the policy.

34.   Mercury failed to pay the benefits due and owing under the terms of the policy.

35.   Mercury failed to pay all of the insurance benefits associated with the repair of the failed
      water heater.

36.   Mercury failed to adhere to, and abide by, Plaintiffs' invocation of the appraisal process.

37.   Mercury's breach caused damages to Plaintiffs in an amount to be proven at trial.

38.   As a direct result of Mercury's breach of contract, Plaintiffs were forced to retain the
      undersigned counsel and file the instant cause of action with the Maricopa County Superior
      Court.   Therefore, Plaintiffs are entitled to recover her attorney's fees and costs associated
      with the same.

CHRISTOFFEL LAW GROUP
P.L.L.C.
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-419-8402

- 4 -

CHRISTOFFEL LAW GROUP
P.L.L.C.
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-429-8402

## COUNT 2

### Breach of the Duty of Good Faith and Fair Dealing

39.  All allegations in the previous paragraphs are incorporated as if fully set forth herein.

40.  Mercury owed a duty to act in good faith and deal fairly with Plaintiffs.

41.  Mercury's obligation to pay Plaintiffs' claim was not fairly debatable after an adequate investigation.

42.  Mercury partially denied the claim without a reasonable basis.

43.  Upon receipt of an independent property damage estimate, and photographs, Mercury did not request a re-inspection of Plaintiff's Property, or request any additional information.

44.  Plaintiffs attempted to resolve their disagreement, in accordance with the terms of their insurance policy, and invoked the appraisal process.

45.  Defendant's unreasonable delay in the appraisal process and failure to abide by the same, has waived any further contractual rights regarding appraisal.

46.  Defendant Mercury has caused Plaintiffs to "jump through unnecessary additional hoops" to resolve their claim, including litigation.

47.  Mercury knew of or recklessly disregarded the lack of a reasonable basis for denying Plaintiffs' claim.

48.  Mercury breached its duty to act in good faith and deal fairly with Plaintiffs.

49.  Plaintiffs were damaged as a result of Defendant's breach of duty of good faith and fair dealing.

## COUNT 3

### Declaratory Judgment

50.  Plaintiffs restate and re-allege the foregoing paragraphs as though fully stated herein.

51.  The Plaintiffs and Defendant Mercury's legal relationship is based upon a contractual instrument in the form of the Policy that is the sum of the documents identified above.

52.  An actual and justiciable controversy exists between Plaintiffs and Defendant regarding the rights and obligations of the Parties under the Policy. A resolution of this controversy

is dependent upon an analysis of the Policy and the facts of this matter, giving rise to the Claims under the Policy.

53. Pursuant to Arizona Revised Statutes § 12-1831 (2012), this Court is vested with the power to declare the rights and liabilities of the parties hereto, specifically Frank Linden, Trina Linden and Mercury, and to give such other and further relief as may be necessary.

54. Plaintiffs are entitled to an Order of this Court declaring that:

   A. The damages suffered by Plaintiffs is covered under the Policy;

   B. Mercury must indemnify Plaintiffs for the damage to their property as a result of the failed water heater of June 15, 2016;

   C. Mercury is directed and required to pay Plaintiffs 4.25% per annum on the amount specified above, pursuant to A.R.S §44- 1201; *Ariz. Title Ins. & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz. App. 486, 496, 484 P.2d 639, 649 (1971), calculated from the date Plaintiffs first reported their property loss claim; and,

   D. Plaintiffs are entitled to their costs and disbursements, attorney fees, pursuant to A.R.S. §§12-341 and 12-341.01, and/or any other relief the Court deems just and equitable.

## IV. VICARIOUS LIABILITY.

55. Mercury is responsible for the actions of its adjusters, like Coolidge, because its adjusters and representatives were acting within the scope of their employment and authority.

## V. WAIVER AND ANTICIPATORY BREACH.

56. Mercury waived its contractual rights under the Policy, including but not limited to appraisal, due to Mercury's substantial and unreasonable delay, unfair actions, breach of the underlying contract, and unconditional denial of all or part of Plaintiffs' claim.

57. Additionally, Mercury's breach of the underlying contract relieves Plaintiffs of any corresponding obligations, including but not limited to appraisal. Mercury's unjust and unreasonable delay and denial of Plaintiffs' claim estops Mercury from attempting to subsequently enforce provisions of the policy.

## VI.    PRAYER.

WHEREFORE, Plaintiff Frank Linden and Trina Linden respectfully request that this Court:

A. Award Plaintiffs compensatory and consequential damages as a result of Defendant Mercury's acts and omissions.

B. Award Plaintiffs with prejudgment and post judgment interest as allowed by law.

C. Award Plaintiffs attorney's fees pursuant to the Policy.

D. Award all attorney's fees and costs pursuant to A.R.S. §§12-341 and 12-341.01.

E. Award Plaintiffs punitive damages for Defendant Mercury's acting to serve its own interests, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of others.

F. Award such other and further relief as the Court deems just under the circumstances.

DATED this __16__ day of May, 2017.

CHRISTOFFEL LAW GROUP, P.L.L.C.

David A. Christoffel (# 029795)
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
ChristoffelLawGroup@Gmail.com
Telephone: (281) 429-8402
Facsimile: (281) 429-8403
*Attorney for Plaintiffs*
*Frank Linden and Trina Linden*

CHRISTOFFEL LAW GROUP
P.L.L.C.
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-429-8402

- 7 -

EXHIBIT "B"

David A. Christoffel
CHRISTOFFEL LAW GROUP, PLLC
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
Ph:    (281) 429-8402
Fax:    (281) 429-8403
Email:  ChristoffelLawGroup@Gmail.com
*Attorney for Plaintiffs*

MICHAEL K. JEANES, CLERK
BY
F. Azadeh
F. AZADEH, FILED

17 MAY 22  PM 1: 21

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| FRANK LINDEN and TRINA LINDEN, as husband and wife, | Case No.: CV 2017 - 006210 |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| vs. | |
| MERCURY CASUALTY COMPANY, a California corporation; | |
| Defendant. | |

The undersigned certifies that this case is not subject to Compulsory Arbitration pursuant to Rule 72(b) of the Arizona Rules of Civil Procedure because Plaintiffs seek an affirmative relief other than just a money judgment (Ariz.R.Civ.P. 72(b)(1)).

DATED this _16_ day of May, 2017.

CHRISTOFFEL LAW GROUP, PLLC

David A. Christoffel (# 029795)
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
ChristoffelLawGroup@Gmail.com
Telephone: (281) 429-8402
Facsimile: (281) 429-8403
*Attorney for Plaintiffs*
*Frank Linden and Trina Linden*

CHRISTOFFEL LAW GROUP
P.L.L.C
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
281-429-8402

EXHIBIT "C"

Skip To MainContent

[ Search ]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2017-006210 | Judge: | Gentry, Jo Lynn |
| File Date: | 5/22/2017 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Frank Linden | Plaintiff | Male | David Christoffel |
| Trina Linden | Plaintiff | Female | David Christoffel |
| Mercury Casualty Company | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 5/31/2017 | SUM - Summons | 6/2/2017 | |
| 5/31/2017 | AFS - Affidavit Of Service | 6/5/2017 | |
| **NOTE:** MERCURY CASUALTY COMPANY | | | |
| 5/22/2017 | COM - Complaint | 5/24/2017 | |
| 5/22/2017 | CCS - Cerificate Arbitration - Subject To | 5/24/2017 | |
| 5/22/2017 | CSH - Coversheet | 5/24/2017 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**